UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PETER CELESTINE** | : | **CIVIL ACTION NO. 2:13-cv-2370** |
| DOC #110116 | | SECTION P |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **PRISCILLA PITRE** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Peter Celestine ("plaintiff"). Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and he is incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana. He names ACC records analyst Priscilla Pitre ("defendant") as defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons that follow, it is recommended that this matter be Dismissed with Prejudice.

### I. BACKGROUND

Plaintiff claims that on July 26, 2004, defendant advised him that he had forfeited 403 days of good time, that his release date was being extended, and that the taking was improper. Plaintiff also complains that on August 10, 2010, when defendant began computing his good-time under a recently-amended sentence diminution statute, he was forced to start over from zero. Plaintiff contends that if defendant had attached the forfeited 403 days to his post-2010 credits, he would have been released much sooner. Plaintiff claims that the above actions

violated his due process rights under the United States Constitution. As relief, he seeks restoration of the lost good time credit.

## II. LAW AND ANALYSIS

### A. Screening

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citation omitted). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. Loss of Good Time Credit

To the extent that plaintiff seeks restoration of good time that was lost as a result of a disciplinary hearing, such a claim is not properly brought in a civil rights suit.

"A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).

Accordingly, to the extent that plaintiff seeks restoration of the forfeited "good time" credits, he has failed to state a claim for which relief may be granted and his complaint is subject to dismissal on that basis. The restoration of forfeited good time credits must be pursued in a *habeas corpus* action filed pursuant to 28 U.S.C. § 2241. *Preiser*, 411 U.S. at 500. A *habeas corpus* action must be filed in the district court where the prisoner is in custody and the proper respondent in such action is the person exercising custody over the prisoner. *See* 28 U.S.C. §§ 2241(d) and 2243.

Further, to the extent that plaintiff seeks monetary damages because of disciplinary hearings that resulted in loss of good time credit, his complaint fares no better. A prisoner cannot bring a § 1983 action seeking damages based upon a prison disciplinary conviction "until that 'conviction' has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment in the civil rights action would necessarily imply the invalidity of the disciplinary conviction at issue." *Clarke*, 154 F.3d at 189 ; *see also Edwards v. Balisok*, 520 U.S. 641, 644 (1997) (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)). Thus, to the extent that plaintiff seeks monetary damages for the loss of his good-time credit, his complaint must be dismissed as frivolous.

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have 14 days from its service to file specific, written objections

-4-

with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE